UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TERESA CHEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GRANT COUNTY, D. ANGUS LEE, and TAMMIE L. HECHLER,<br><br>　　　　　Defendants. | NO. CV-09-0329-EFS<br><br>**ORDER GRANTING AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION TO CONTINUE TRIAL** |

A hearing occurred in the above-captioned matter on February 23, 2011, in Richland, Washington. Steven C. Lacy appeared on behalf of Plaintiff Teresa Chen; Defendants Grant County, D. Angus Lee, and Tammie L. Hechler were represented by Michael McFarland. Before the Court were Defendants' Motion for Summary Judgment (ECF No. 26) and Motion to Continue Trial (ECF No. 64). After reviewing the submitted materials and relevant authority and hearing from counsel, the Court is fully informed and grants and denies as moot in part Defendants' motion for summary judgment and denies its motion to continue. This Order memorializes and supplements the Court's oral rulings.

**BACKGROUND[1]**

---

[1] When considering this motion and creating this factual section, the Court did not weigh the evidence or assess credibility; instead, the

ORDER ~ 1

A.   <u>Personnel</u>

On October 2, 2002, the Grant County Prosecuting Attorney's Office ("Grant County") hired Plaintiff Teresa Chen as Deputy Prosecutor VI. Defendant Angus Lee was appointed as Prosecuting Attorney on January 9, 2009, to fill the vacancy created by former Prosecuting Attorney John Knodell's election to Superior Court Judge.  While campaigning for the position, Mr. Lee publically stated that he intended to implement a "vertical prosecution" system, under which deputies would handle their assigned cases from charging through final resolution.  Mr. Lee believed this system to be more efficient and reliable; however, he made a conscious decision to further evaluate the office before instituting any major changes.

Under Mr. Knodell's administration, Ms. Chen handled the County's appeals and was known as the "appellate deputy"; she was assigned few, if any, files to handle from charging through final resolution.  In addition to her appellate work, Ms. Chen was a "back up" attorney in

---

Court believed the undisputed facts and the opposing party's evidence and drew all justifiable inferences therefrom in her favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  However, the Court did not accept as true assertions made by the opposing party if they were flatly contradicted by the record. *See Scott v. Harris*, 550 U.S. 372, 380 (2007).  Disputed facts are supported by a citation to the record, while undisputed facts are drawn from the parties' Joint Statement of Uncontroverted Facts Regarding Defendant's Motion for Summary Judgment (ECF No. 63), and are not supported by a citation.

ORDER ~ 2

Juvenile Court, handled a "rare trial" in Superior Court, consulted on various issues, made charging decisions, and prepared adult felony cases for trial.

Before Mr. Lee was appointed, Ms. Chen signed two letters opposing his appointment: a letter in support of his opponent, Steve Hallstrom, and a letter indicating her lack of confidence in Mr. Lee.  On the day he was appointed, Ms. Chen approached Mr. Lee regarding the future of her position.  Mr. Lee assured Ms. Chen that he wanted her to remain an employee and that he would be making no immediate, significant changes without "full consultation."

In January 2009, Mr. Lee consulted with Human Resources ("HR") Director Defendant Tammie Hechler about personnel and budget issues.  Mr. Lee explained that once the vertical-prosecution system was implemented, the appellate deputy position would be absorbed, creating a new all-purpose deputy prosecuting attorney position.  Mr. Lee's conversations with Ms. Hechler did not focus on Ms. Chen's duties going forward.  Ms. Hechler was unaware of what Mr. Lee was doing with deputies "on the ground, so to speak."

B. <u>Ms. Chen's Leave</u>

During this time, Ms. Chen became concerned about her health.  At a February 9, 2009 meeting with deputy prosecutors, Mr. Lee stated that he expected deputy prosecutors to work from 8:00 a.m. to 5:00 p.m.  After the meeting, Ms. Chen expressed concern about this change and requested an exception to these modified hours.  Responding to Ms. Chen's request and concerns, Mr. Lee wrote:

> Also, you mentioned to me in person and also in the attached email that you are concerned about your health.  I am required

ORDER ~ 3

> to inquire if you are requesting an accommodation for a disability or medical issue. If you are, please let me know and we will look into the issue for you.

Ms. Chen indicated in a return email that she was not requesting an accommodation.

Aware that Mr. Lee had recently fired two other employees while they were on sick leave, Ms. Chen sought advice from Ms. Hechler in the second week of February 2009 as to what she could do "to take care of [her] health and still preserve [her] job." Ms. Hechler advised Ms. Chen that she "could seek leave under the [Family and Medical Leave Act (FMLA)]" and that her "job would be more protected." Ms. Hechler made it clear that, as a long-time employee, Ms. Chen was eligible for FMLA. Ms. Hechler gave Ms. Chen a packet containing Grant County's FMLA policy, and told her to read it over and to contact her if she had any questions. Ms. Chen decided to take a few days of sick leave.

In March 2009, Ms. Chen told Mr. Lee that the burdens and stress in the Prosecutor's Office were taking a toll on her health. Also during this time, Carolyn Fair and Steve Scott, two of the six prosecutors experienced in handling felony cases in Superior Court, resigned; replacements were needed as soon as possible. (ECF No. 36, ¶ 1.)

On April 2, 2009, Ms. Chen presented Ms. Hechler a non-FMLA Medical Release from Work or School, releasing Ms. Chen from work between April 2, 2009, and May 1, 2009. Ms. Hechler provided Ms. Chen with a Request for Family Medical Leave form, which Ms. Chen signed. In an April 2, 2009 email, Ms. Hechler advised Mr. Lee that Ms. Chen had been released from work between April 2, 2009, and May 1, 2009.

ORDER ~ 4

On April 8, 2009, Ms. Hechler sent Ms. Chen a Notice of Eligibility and Rights & Responsibilities under the FMLA. In the Notice, Ms. Hechler again notified Ms. Chen that she was eligible for FMLA leave, but that Ms. Chen was required to provide a doctor certification before Grant County could determine whether she was qualified for FMLA leave. Ms. Hechler did not consult Mr. Lee before sending the notice to Ms. Chen. Ms. Chen claims she relied on Ms. Hechler's February and March 2009 representations that she was eligible for FMLA leave in deciding to seek FMLA leave on April 2, 2009.

### C. Ms. Chen's Termination

Mr. Lee called Ms. Chen on April 6, 2009; the substance of this telephone conversation is largely disputed. The parties agree that Mr. Lee advised Ms. Chen that she was being assigned work in Moses Lake District Court. Mr. Lee claims he advised Ms. Chen that, as part of his transition to the vertical prosecution system, he was eliminating the appellate deputy position and transferring her to the district court deputy position. Ms. Chen recalls instead that Mr. Lee challenged her on the issue of whether she was truly sick, demanded her resignation, and threatened her with demotion to the district court position if she did not resign. (ECF No. 37, Ex. 29; Ex. A, at 138-143.)

Ms. Chen advised Mr. Lee that she believed the assignment was "punitive" and that district court was "below [her] abilities and experiences." Yet, Ms. Chen claims she did not reject the offer outright. (ECF No. 37, Ex. A, Ex. 29.) Mr. Lee decided to terminate her.

On April 15, 2009, Mr. Lee advised Ms. Hechler of his decision to terminate Ms. Chen because her position had been eliminated and she was unwilling to accept the district court assignment. Before this date, Ms. Hechler knew some restructuring would take place, but did not know it pertained to Ms. Chen. Ms. Hechler sent a letter to Ms. Chen, which memorialized Mr. Lee's decision to terminate her and notified her that Grant County was accepting applications for a district court deputy prosecutor. Ms. Chen did not apply for the position.[2] The Grant County Prosecuting Attorney's office continues to use vertical prosecution; no "appellate deputy" position exists. On April 20, 2009, Ms. Chen faxed Ms. Hechler a copy of the Certification of Health Care Provider, completed by Mr. Ben Murrell, PA-C. Grant County never designated her leave as FMLA.

As HR Director, Ms. Hechler lacks authority to 1) hire and fire deputy prosecutors, 2) supervise and control deputy prosecutors' employment conditions, 3) determine deputy prosecutors' rate and method of pay, and 4) exercise economic and operational control over deputy prosecutors' employment relationships. Ms. Hechler must "make sure the employment laws are being followed, the rights of employees aren't being infringed upon, and the employee isn't doing anything against employer policy." When Ms. Chen requested leave, Ms. Hechler understood that, pursuant to Grant County's FMLA policy, Ms. Chen was eligible for FMLA leave.[3] Ms. Hechler was unaware that deputy prosecutors were in fact

---

[2] Since then, Grant County has notified her of several open positions: both in and out of Grant County.

[3] To Ms. Hechler's knowledge, FMLA leave has been granted to three

ineligible for FMLA benefits under the FMLA's "personal staff" exemption until sometime after November 1, 2010: after this lawsuit's filing. Upon learning of the personal staff exemption, Ms. Hechler brought the issue before the Grant County Commissioners but is unsure whether that issue was forwarded to Grant County's legal department. As of January 5, 2011, FMLA policies at Grant County remain unchanged.

Ms. Chen filed this action on October 23, 2009, alleging claims for 1) violation of the Family Medical Leave Act, 29 U.S.C. § 2611 et seq.; 2) violation of Civil Rights, 42 U.S.C. § 1983; 3) discharge in violation of Washington public policy; and 4) disability discrimination in violation of RCW 49.60. Defendants moved for summary judgment on November 11, 2010.

**DISCUSSION**

**I.  Defendant's Motion for Summary Judgment (ECF No. 26)**

A.  <u>Summary Judgment Standard</u>

Summary judgment is appropriate if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party opposing summary judgment must point to specific facts establishing

---

Prosecutor's Office employees during her tenure as HR Director: Teresa Chen, D. Angus Lee, and Jessica Cafferty. Ms. Cafferty's leave began in November 2010; she was not notified until January 3, 2011, that she was actually exempt from coverage under the FMLA. Ms. Hechler was unaware of the personal staff exemption until after Ms. Cafferty returned from FMLA leave.

ORDER ~ 7

a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Celotex Corp.*, 477 U.S. at 322.

B. § 1983 First Amendment Retaliation Claim

Defendants seek dismissal of Ms. Chen's 42 U.S.C. § 1983 First Amendment retaliation claim because she was a "confidential" employee who could be discharged based on her political patronage. Ms. Chen concedes that Defendants are entitled to summary judgment on this claim. Indeed, Ms. Chen, as a deputy prosecutor, was a confidential or policymaking employee and could be terminated because she opposed Mr. Lee's appointment. *See Fazio v. City and Cnty. of San Francisco*, 125 F.3d 1328 (9th Cir. 1997) (holding that a district attorney could fire an assistant district attorney for running against him in the election). Accordingly, the Court accepts Ms. Chen's concession that her § 1983 claim for violation of her First Amendment right to political speech should be dismissed.[4]

---

[4] In addition, Mr. Lee and Ms. Hechler are entitled to qualified immunity. There is no evidence that Mr. Lee and Ms. Hechler violated Ms. Chen's First Amendment rights by terminating her because she was a confidential or policymaking employee. Nor is there any case law clearly establishing that deputy prosecutors cannot be discharged for political patronage reasons. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Pearson*

ORDER ~ 8

C.  <u>Family and Medical Leave Act</u>

Defendants concede there are triable issues of fact as to whether they retaliated against Ms. Chen and/or interfered with her FMLA rights. But Defendants argue that summary dismissal is still proper because Ms. Chen was not an "employee" entitled to FMLA protection in the first place. Ms. Chen does not dispute that she was not entitled to FMLA protection, but opposes the motion because Defendants are equitably estopped from asserting it.[5]

---

*v. Callahan,* 555 U.S. 223 (holding the sequence set forth in *Saucier* is often appropriate, but not mandatory).

[5] Ms. Chen also argues that the defense that she is ineligible for FMLA benefits was not properly pled because Defendants failed to raise the issue in their Answer. To support this assertion, Ms. Chen relies on Federal Rule of Civil Procedure 9(a)(2), under which a defendant must specifically deny the plaintiff's capacity to sue and to state any supporting facts that are peculiarly within a defendant's knowledge in their answer. However, the Court finds that Rule 9(a)(2) does not apply because this is not a "capacity" issue. *See Moore v. Matthew's Book*, 597 F.2d 645, 647 (8th Cir. 1979) ("The question of capacity to sue is whether the person bringing the suit has authority to use the courts of that jurisdiction."); *see also De Franco v. United States*, 18 F.R.D. 156 (S.D. Cal. 1955) (recognizing that "capacity" means whether the plaintiff is free from infancy, insanity, or incompetency, which is different from "capacity to sue," or a right to relief under the facts). Yet, recognizing that Ms. Chen was prejudiced by Defendants' failure to

ORDER ~ 9

The FMLA's purpose is to balance the workplace demands with the needs of families and entitles employees to take reasonable leave for medical-related reasons while doing so "in a manner that accommodates the legitimate interests of employers." 29 U.S.C. § 2601(b)(3). To achieve this goal, the FMLA entitles eligible employees up to twelve (12) weeks of leave each year for their own serious illness or to care for family members and guarantees reinstatement after taking this leave. *Id*. §§ 2612(a)(1), 2614(a)(1). To establish a prima facie case of retaliation, a plaintiff must show: "(1) he availed himself of a protected right; (2) he was adversely affected by an employment decision; and (3) there is a causal connection between the two actions." *Price v. Multnomah Cnty.*, 132 F. Supp. 2d 1290, 1296 (D. Or. 2001).

Further, employers are precluded from "interfer[ing] with, restrain[ing], or deny[ing] the exercise of or the attempt to exercise, any right provided" by the FMLA, by either refusing or discouraging the taking of FMLA leave. *Id*. § 2615(a)(1); *see also Liu v. Amway Corp.*, 347 F.3d 1125, 1133 (9th Cir. 2003). To prevail on a FMLA interference theory, the employee must establish:

> (1) he is an "[e]ligible employee," 29 U.S.C. § 2611(2); (2) the defendant is an "[e]mployer," 29 U.S.C. § 2611(4); (3) the

---

articulate this argument before summary judgment, on December 20, 2010, the Court continued the hearing and allowed the parties to submit additional briefing on the equitable estoppel issue. (ECF No. 55.) The Court relies on that additional briefing herein.

ORDER ~ 10

employee was entitled to leave under the FMLA, 29 U.S.C. § 2612(a)(1); (4) the employee gave the employer notice of his intention to take leave, 29 U.S.C. § 2612(e)(1); and (5) the employer denied the employee FMLA benefits to which he was entitled.

*Wysong v. Dow Chem. Co.*, 503 F.3d 441, 447 (6th Cir. 2007) (quoting *Cavin v. Honda of Am. Mfg., Inc.*, 346 F.3d 713, 719 (6th Cir. 2003)); *Davis v. Mich. Bell Tel. Co.*, 543 F.3d 345, 350 (6th Cir. 2008).

      1.   FMLA Eligibility

To be entitled to FMLA protection, a person must meet the definition of "eligible employee":

> The term "eligible employee" means an employee who has been employed--
>
> (i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and
>
> (ii) for at least 1,250 hours of service with such employer during the previous 12-month period.

29 U.S.C. § 2611(2)(A). The parties agree that Ms. Chen fulfills these preliminary requirements.

Yet, Ms. Chen was not eligible for FMLA protection because she falls within the FMLA's "personal staff exemption," which excludes individuals "selected by the holder of a public office of a political subdivision to be a member of his or her personal staff." 29 U.S.C. § 203(e)(2)(c); *see Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 739 (2003) ("Employees in high-ranking or sensitive positions are simply ineligible for FMLA leave; of particular importance to the States, the FMLA expressly excludes from coverage state elected officials, their staffs, and appointed policymakers."); *Rutland v. Pepper*, 404 F.3d 921, 923 (5th Cir. 2005) ("The FMLA excludes from coverage the personal staff members of public office holders."). Ms. Chen correctly concedes this point. *See*

ORDER ~ 11

*Ramirez v. San Mateo Cnty. Dist. Attorney's Office*, 639 F.2d 509, 513 (9th Cir. 1981) (recognizing deputy prosecutors as the "personal staff" of the elected prosecuting attorney because they "serve at the pleasure of their superior, . . . who has plenary power of appointment and removal"). Thus, Ms. Chen is not eligible for FMLA benefits.

Ms. Chen argues that, even thought she is ineligible for FMLA benefits, she is nevertheless entitled to FMLA remedies. This argument is unpersuasive. Section 2615(a)(1)'s clear language makes it unlawful for any employer to "interfere with, restrain, or deny the exercise or the attempt to exercise, *any right provided under* [the FMLA]." 29 U.S.C. § 2615(a)(1) (emphasis added). True, Ms. Chen attempted to exercise rights under the FMLA. But Congress specifically exempted "personal staff" members from the FMLA; the FMLA does not provide FMLA rights to those who, like Ms. Chen, serve at the pleasure of their employer. Ms. Chen has failed to present any authority allowing to exercise a remedy for a violation of rights that do not exist in the first place. *See Walker v. Elmore Cnty. Bd. of Educ.*, 379 F.3d 1249, 1253 (11th Cir. 2004) (holding "that the statute does not protect an attempt to exercise a right that is not provided by the FMLA"). Thus, Ms. Chen is not entitled to FMLA protections or remedies. *See Ramirez*, 639 F.2d at 513 (9th Cir. 1981).

    2. <u>Estoppel</u>

Ms. Chen argues that Grant County is estopped from denying her FMLA coverage. To establish estoppel, a plaintiff must establish the four traditional elements of equitable estoppel:

> (1) the party to be estopped knows the facts, (2) he or she intends that his or her conduct will be acted on or must so act

ORDER ~ 12

> that the party invoking estoppel has a right to believe it is so intended, (3) the party invoking estoppel must be ignorant of the true facts, and (4) he or she must detrimentally rely on the former's conduct.

*United States v. Hemmen*, 51 F.3d 883, 892 (9th Cir. 1995). If a party seeks to estop the government, she must also establish: 1) "the government has engaged in affirmative misconduct going beyond mere negligence" and 2) "the government's act will cause a serious injustice and the imposition of estoppel will not unduly harm the public interest." *Pauly v. U.S. Dep't of Agric.*, 348 F.3d 1143, 1149 (9th Cir. 2003); *see also United States v. Gamboa-Cardenas*, 508 F.3d 491, 502 (9th Cir. 2007).[6] Ms. Chen has failed to make such a showing.

---

[6] Ms. Chen does not dispute that this heightened standard applies to the County, but argues, without citing authority, that it does not apply to Ms. Hechler in her individual capacity. Ninth Circuit case law leaves unanswered the question of whether or not individual-capacity suits are even allowed under the FMLA in the first place. But even if they are, the heightened equitable estoppel standard applicable to the government should also apply to Ms. Hechler in her individual capacity because Ms. Hechler was acting on Grant County's behalf when she terminated Ms. Chen. *See Lavin v. Marsh*, 644 F.2d 1378, 1383 (9th Cir. 1981) (applying the heightened government estoppel standard despite the fact that the government official was named individually). In the absence of any evidence she was acting outside the scope of her employment, the same heightened standard applies to Ms. Hechler.

ORDER ~ 13

Viewing the facts in a light most favorable to Ms. Chen, a genuine issue of material fact exists as to whether Ms. Chen reasonably relied on Ms. Hechler's statements in deciding to take FMLA leave.

> [T]he party claiming estoppel must have relied on its adversary's conduct 'in such a manner as to change his position for the worse,' and that reliance must have been reasonable in that the party claiming the estoppel did not know nor should it have known that its adversary's conduct was misleading.

*Heckler Cmty. Health Servs. of Crawford Cnty., Inc.*, 467 U.S. 51 (1984). Ms. Chen claims she took time off only because she was assured that she would be protected under the FMLA. The fact that Ms. Chen obtained a medical leave (releasing her for one month) and presented it to Grant County on April 2, 2009, before formally requesting FMLA leave is immaterial—the evidence shows that she and Ms. Hechler had discussed her FMLA eligibility before April 2, 2009. And although Ms. Chen's health care provider certified that Ms. Chen was "presently incapacitated" and "not able to perform duties from her present employment," (ECF No. 37, at 119), a genuine issue of material fact exists as to whether Ms. Chen reasonably relied on Ms. Hechler's affirmation that she was eligible for FMLA, and changed her position for the worse based on that reliance.

Yet, Ms. Chen's FMLA claims fail because she cannot prove that Grant County or Ms. Hechler engaged in the requisite "affirmative misconduct." Affirmative misconduct is defined as a "deliberate lie" or "a pattern of false promises," and requires more than negligence. *Mukherjee v. INS*, 793 F.2d 1006, 1008 (9th Cir. 1986); *United States v. Chug-Shiaing Wang*, 404 F. Supp. 2d 1159, 1163 (N.D. Cal. 2005) ("[G]ross negligence and incompetence are not sufficient to support a finding of affirmative misconduct, which requires that the Government 'either intentionally or

ORDER ~ 14

recklessly mislead [] the claimant.'"). "Neither the failure to inform an individual of his or her legal rights nor the negligent provision of misinformation constitute affirmative misconduct." *Sulit v. Schiltgen*, 213 F.3d 449, 454 (9th Cir. 2000); *see also Socop-Gonzalez v. INS*, 272 F.3d 1176, 1184 (9th Cir. 2001).

Ms. Chen was given the opportunity to put forth evidence of Grant County's affirmative misconduct when the Court continued hearing on the instant motion. (ECF No. 55.) She failed to do so. The uncontroverted evidence shows that Ms. Hechler's representations were nothing more than mistakes. These do not amount to affirmative misrepresentations. *See Nagle v. Acton-Boxborough Reg'l Sch. Dist.*, 576 F.3d 1 (1st Cir. 2009); *Socop-Gonzalez*, 272 F.3d at 843. Ms. Hechler gave Ms. Chen an informational packet on the FMLA. She consistently advised Ms. Chen that she was an FMLA-eligible employee, which she believed to be true based on Grant County's FMLA policy. Ms. Hechler was unaware that deputy prosecutors were ineligible under the personal staff exemption until November 1, 2010. And Grant County employees requested, and were granted, FMLA leave as late as November 2010. Thus, there is no evidence that Ms. Hechler deliberately or knowingly lied about Ms. Chen's eligibility for FMLA leave. Grant County's pattern of erroneous representations to Ms. Chen were consistent with Grant County's FMLA policy and do not amount to affirmative misrepresentations.

Because the evidence shows that Ms. Hechler's representations were merely mistakes and not affirmative misrepresentations, Defendants are not equitably estopped from arguing that she is ineligible for FMLA benefits. Accordingly, Ms. Chen's FMLA claims for retaliation and

ORDER ~ 15

interference are dismissed because she is a member of the prosecuting attorney's personal staff and is therefore exempt from FMLA.

   D.   Claims Against Ms. Hechler

Defendants ask the Court to dismiss all claims against Ms. Hechler because she is not an "employer" under either the FMLA or RCW 49.60.040(3) and thus, is not a proper defendant.

      1.   "Employer" under FMLA

The FMLA defines "employer" as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees . . . includ[ing] . . . any person who acts, directly or indirectly, in the interest of any employer to any of the employees of such employer . . . ."  29 U.S.C. § 2611(4)(A)(i), (ii).  Whether an actor qualifies as an employer under the FLSA and FMLA depends on "the circumstances of the whole activity." *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1324 (9th Cir. 1991).  Factors include the authority to hire and fire employees, supervision and control of employment conditions, determination of the rate and method of pay, and maintenance of employment records.  *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1991).  "Where an individual exercises 'control over the nature and structure of the employment relationship,' or 'economic control' over the relationship, that individual is an employer within the meaning of the [FLSA], and is subject to liability." *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009).

The parties agree that Mr. Lee made the decision to lay off Ms. Chen.  And they agree that as Prosecuting Attorney, he has the ability to make employment decisions regarding deputy prosecutors.  *See Osborn*

ORDER ~ 16

*v. Grant Cnty. By and Through Grant Cnty Com'rs.*, 130 Wn.2d 615, 622 (1996) ("The county officer is the one to appoint a deputy or other employee, and the officer has the power to revoke each appointment at pleasure.").

Ms. Chen has failed to provide any evidence indicating that Ms. Hechler played a role in the termination *decision*, even though she prepared a termination letter, stated her support and sympathy, and guided Ms. Chen through the FMLA process. She lacks the authority to hire and fire deputy prosecutors, does not supervise or control their employment conditions, and does not determine their method and rate of pay. And in this instance, she did not decide to terminate Ms. Chen. Ms. Hechler was unaware that Mr. Lee intended to terminate Ms. Chen: Mr. Lee merely told Ms. Hechler that he was contemplating having the prosecutors absorb the appellate work. Given these facts, no reasonable jury could find that Ms. Hechler had the control or authority to interfere with Mr. Lee's employment decisions; rather, she acted on Grant County's behalf to carry out Mr. Lee's employment decisions.

2. <u>"Employer" under RCW 49.60.040(3)</u>

To be liable under RCW 49.60, an individual must have the ability to influence the plaintiff's employment, supervise or manage her, affect the terms or conditions of her employment, or act, either directly or indirectly, in the interest of the employer. RCW 49.60.040(3); *Jenkins v. Palmer*, 116 Wn.2d 671, 674-75 (2003); *Brown v. Scott Paper Worldwide Co.*, 143 Wn.2d 349, 360 (2001). For similar reasons as set forth above, the Court finds as a matter of law that Ms. Hechler is not an "employer"

as defined by RCW 49.60.040(3). Accordingly, these claims are dismissed against Ms. Hechler in her individual capacity.

### E. Disability Discrimination under RCW 49.60

Defendants initially asserted that Ms. Chen's RCW 49.60 claims fail as a matter of law. But after Ms. Chen clarified that she does not assert an accommodation claim but rather alleges that her separation of employment was based upon her having to take medical leave, Defendants recognize that there is a question of fact as to the basis of Ms. Chen's layoff, and therefore withdraw their motion on this claim.

### F. Wrongful Discharge in Violation of Public Policy

Defendants seek summary dismissal of Ms. Chen's wrongful discharge claims, claiming that the FMLA protects the public policy at issue. The parties agree that a public policy discharge claim is only appropriate if Ms. Chen is not afforded other remedies for the same conduct. Because Ms. Chen's first cause of action under the FMLA is dismissed, Defendants' motion for summary judgment as to Plaintiff's claim for wrongful discharge in violation of public policy is denied. That claim shall remain.

**II. Defendants' Motion to Continue Trial (ECF No. 64)**

Defendants ask the Court to continue the April 25, 2011 trial date and issue a new scheduling order because Defendant Angus Lee and his wife are expecting their third child in April 2011. For the reasons set forth on the record, the Court denies Defendants' motion to continue.

But due to the delay caused by the Court's continuing the hearing on Defendants' motion for summary judgment (ECF No. 55), the Scheduling Order shall be amended as follows:

ORDER ~ 18

```
Witness & Exhibit Lists                          March 4, 2011
Objections to Witness & Exhibit Lists            March 11, 2011
Exhibits without Objection                       April 15, 2011
Deposition Designations                          March 11, 2011
Cross-Designations                               March 25, 2011
Objection to Deposition Designations             April 1, 2011
Motions in Limine                                March 11, 2011
Pre-Trial Order                                  March 28, 2011
Pre-Trial Conference                             April 12, 2011
Trial Briefs, Voir Dire, Jury Instructions       April 15, 2011
```

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment **(ECF No. 26) GRANTED** (First Amendment Retaliation, and FMLA retaliation interference claims; FMLA and RCW 49.60 disability-discrimination claims against Ms. Hechler) **and DENIED AS MOOT** (RCW 49.60 disability-discrimination claims against Mr. Lee and Grant County; wrongful discharge in violation of public policy claim) **IN PART.**

2. Defendants' Motion to Continue Trial **(ECF No. 64)** is **DENIED**. An Amended Scheduling Order will follow.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this  3rd   day of March 2011.

                         s/Edward F. Shea
                         EDWARD F. SHEA
                    United States District Judge

Q:\Civil\2009\329.PartialMSJ.wpd

ORDER ~ 19